KM

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nora Rhea Lee Kubiak,<br><br>        Plaintiff,<br><br>v.<br><br>Paul Penzone, et al.,<br><br>        Defendants. | No.  CV 21-01834-PHX-MTL (JFM)<br><br>**ORDER** |

      Plaintiff Nora Rhea Lee Kubiak, who is confined in a Maricopa County Jail, has filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 2).  The Court will dismiss the Complaint with leave to amend.

**I.**    **Application to Proceed In Forma Pauperis and Filing Fee**

      The Court will grant Plaintiff's Application to Proceed In Forma Pauperis.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  The Court will assess an initial partial filing fee of $22.00.  The remainder of the fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

. . . .

. . . .

**JDDL-K**

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). Plaintiff's Complaint will be dismissed for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

### III.  Complaint

Plaintiff names Maricopa County Sheriff Paul Penzone as Defendant in her one-count Complaint and seeks monetary damages. Plaintiff alleges Defendant Penzone "knowingly housed [her] in a building . . . which contains black mold and asbestos." Plaintiff claims she suffers allergies, migraines, coughing, difficulty breathing, and has a dry itchy throat and a dry itchy scalp.

### IV.  Failure to State a Claim

Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id*.

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of [her] civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

A pretrial detainee has a right under the Due Process Clause of the Fourteenth Amendment to be free from punishment prior to an adjudication of guilt. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "Pretrial detainees are entitled to 'adequate food, clothing, shelter, sanitation, medical care, and personal safety.'" *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996) (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir.

1982)). To state a claim of unconstitutional conditions of confinement against an individual defendant, a pretrial detainee must allege facts that show:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018).

Whether the conditions and conduct rise to the level of a constitutional violation is an objective assessment that turns on the facts and circumstances of each particular case. *Id.*; *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005). However, "a de minimis level of imposition" is insufficient. *Bell*, 441 U.S. at 539 n.21. In addition, the "'mere lack of due care by a state official' does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (quoting *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). Thus, a plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.*

Plaintiff's vague and conclusory allegations do not support a conclusion that Defendant Penzone made an intentional decision that put Plaintiff at substantial risk of suffering serious harm. In addition, Plaintiff does not allege when or how Defendant Penzone was aware of the black mold or asbestos and does not allege any facts to support that her symptoms were the result of exposure to black mold or asbestos. Absent more, Plaintiff has failed to state a claim. The Court will therefore dismiss without prejudice Plaintiff's Complaint.

**V.      Leave to Amend**

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state

a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count.

A first amended complaint supersedes the original Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

## VI.  Warnings

### A.  Release

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of her release, either (1) notify the Court that she intends to pay the unpaid balance of her filing fee within 120 days of her release or (2) file a non-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

### B.  Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C.     Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

### D.     Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $22.00.

(3)     The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and deny any pending unrelated motions as moot.

1   (5)   The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 10th day of November, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge